IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg Division

ELECTRONICALLY
FILED
May 22 2023
U.S. DISTRICT COURT
Northern District of WV

**TRUIST BANK,**
a North Carolina banking corporation,

    **Plaintiff,**

v.   Civil Action No. 1:23-CV-47 (Kleeh)

**FUSION TECHNOLOGY, LLC,**
**JOHN BOTT and**
**SHARON R. PITSENBARGER,**

    **Defendants.**

## VERIFIED COMPLAINT

Plaintiff Truist Bank ("**Truist**" or "**Plaintiff**"), states as follows for its Complaint against Defendants Fusion Technology, LLC ("**Fusion**"), John Bott ("**Mr. Bott**") and Sharon R. Pitsenbarger ("**Ms. Pitsenbarger**") (collectively, "**Defendants**"):

## PARTIES

1. Truist is a North Carolina banking corporation authorized to do business in the State of West Virginia.

2. Fusion is a West Virginia limited liability company, with its principal place of business located in Bridgeport, West Virginia.

3. Mr. Bott is an individual who, upon information and belief, resides in Wallace, West Virginia, and regularly transacts business in Bridgeport, West Virginia. Mr. Bott is one of two members of Fusion.

4. Ms. Pitsenbarger is an individual who, upon information and belief, resides in Bridgeport, West Virginia. Ms. Pitsenbarger is one of two members of Fusion.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity among the Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because: (i) Defendants reside in this district; and, (ii) property that is the subject of the action is situated in this judicial district.

## FACTUAL BACKGROUND

7.     On or about February 3, 2021, Fusion executed a Promissory Note payable to Truist in the original principal amount of $3,500,000.00, with a maturity date of February 3, 2022, (the "**Note**"). A copy of the Note is attached as **Exhibit A**. Under the terms of the Note, Fusion promised to pay the Note in one payment of all outstanding principal plus all accrued unpaid interest on February 3, 2022. Fusion also promised to pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning March 3, 2021. The Note established that interest was payable at a variable rate, with interest calculated using Lender's Prime Rate with a floor of 3.250%. Upon default, the interest rate is 15.00%.

8.     In connection with the Note, Fusion executed a Business Loan Agreement dated February 3, 2021, and a Schedule SF (collectively, the "**Loan Agreement**"), wherein Fusion was to, among other things, abide by certain reporting requirements, financial covenants, and established certain advance rates. A copy of the Loan Agreement is attached as **Exhibit B**.

9.     To secure repayment of the indebtedness evidenced by the Note, Fusion executed a Commercial Security Agreement dated February 3, 2021, (the "**Security Agreement**," collectively with the Note, the "**Loan Documents**") granting Truist a security interest in, among other items, all

of Fusion's accounts, equipment, inventory, and general intangibles, whether then owned or thereafter acquired. *Id.* A copy of the Security Agreement is attached as **Exhibit C**.

10. Under the terms of the Security Agreement, Truist has the right to require Fusion to assemble and make available to Truist all or any portion of the bank's collateral.

11. The lien granted by the Security Agreement was perfected by the filing of a UCC-1 Financing Statement ("**Financing Statement**"), which is attached as **Exhibit D**. The Financing Statement lists collateral including, but not limited to, all of Fusion' accounts, equipment, inventory, and general intangibles. *Id.*

12. To further secure the Note, Mr. Bott executed a Commercial Guaranty agreement ("**Guaranty Agreement 1**") dated February 3, 2021, wherein he agreed to be jointly and severally liable for all obligations of Fusion to Truist, including those due under the Note. A copy of Guaranty Agreement 1 is attached hereto as **Exhibit E**.

13. To further secure the Note, Ms. Pitsenbarger executed a Commercial Guaranty agreement ("**Guaranty Agreement 2**") dated February 3, 2021, wherein she agreed to be jointly and severally liable for all obligations of Fusion to Truist, including those due under the Note. A copy of Guaranty Agreement 2 is attached hereto as **Exhibit F**.

14. Defendants executed a Change in Terms Agreement dated February 10, 2022, for the Note ("**CIT 1**"), which extended the maturity date for the Note to May 1, 2022. A copy of CIT 1 is attached as **Exhibit G**.

15. Defendants executed a second Change in Terms Agreement dated December 21, 2022, for the Note ("**CIT 2**"), which changed the interest rate and extended the maturity date for the Note to February 1, 2023. A copy of CIT 2 is attached as **Exhibit H**. The Note, the Loan Agreement, the Security Agreement, Guaranty Agreement 1, Guaranty Agreement 2, CIT 1 and CIT 2 are collectively referred to herein as the "**Loan Documents**."

16. The Note, as amended, matured and Defendants did not pay the balance due.

17. Defendants' failure to pay is a default of their obligations under the respective contracts and guaranty agreements relating to the Note.

18. On March 31, 2023, Truist sent Defendants a Notice of Default and Demand for Payment (the "**Default Letter**") notifying Defendants of the default under the Note and demanding payment of the balances due, which, as of March 30, 2023, equaled $2,856,357.11 with a per diem of $623.41629. The Default Letter is attached as **Exhibit I**.

19. Defendants are in default for failure to pay the outstanding principal, accrued, but unpaid, interest on the Note, as amended and related fees and costs due to Truist under the terms of the Loan Documents.

20. As a result of such default, Defendants have breached their obligations under the Loan Documents.

21. As of the date of this Complaint, Defendants have not paid the remaining principal, interest and fees and costs due, pursuant to the Note.

22. As of May 3, 2023, the remaining unpaid principal balance of the Note was $2,805,373.34.

23. As of May 3, 2023, the amount of accrued but unpaid interest on the Note was $72,179.92.

24. As of May 3, 2023, the total balance due on the Note was $2,877,553.26.

25. In accordance with the terms of the Loan Documents, Truist is also entitled to the attorneys' fees and costs incurred.

26. As of May 3, 2023, Truist has incurred attorneys' fees and costs totaling $2,215.30 in this matter.

## COUNT I
### (Breach of Contract)

27. Truist incorporates the allegations of the preceding paragraphs 1–26 of the Verified Complaint as if fully restated herein.

28. The Loan Documents constitute a valid and enforceable contract between Defendants and Truist.

29. Defendants are in default under the terms of the Loan Documents. Defendants are responsible for the amounts due under the Loan Documents.

30. By virtue of the default, Defendants are in breach of the terms of the Loan Documents.

31. As of May 3, 2023, Defendants owed Truist a total of $2,877,553.26, which includes principal of $2,805,373.34, accrued but unpaid interest of $72,179.92, under the Note. In addition, Truist is entitled to recover all of its costs and expenses, including, but not limited to attorneys' fees from Defendants.

32. As a direct and proximate result of Defendants' breach, Truist has been and continues to be damaged.

## COUNT II
### (Turnover of Collateral)

33. Truist incorporates the allegations of the preceding paragraphs 1–32 of the Verified Complaint as if fully restated herein.

34. Pursuant to the terms of the Security Agreement, Truist has the right to require Fusion to assemble and make available to Truist its collateral.

35. Pursuant to §46-9-609 of the West Virginia Code, Truist, in its capacity as a secured creditor, has the right to take possession of its collateral by judicial process.

36. Truist has an immediate possessory right to its collateral pursuant to its properly perfected security interest under the Security Agreement and the Uniform Commercial Code in effect in West Virginia.

## PRAYER FOR RELIEF

**WHEREFORE**, Truist Bank respectfully requests that this Court:

a. enter judgment against the Defendants and award Truist Bank the balance due and owing Truist Bank under the terms of the Note;

b. award Truist Bank pre-judgment interest at the statutory rate from the date of the filing of the Complaint to the date of judgment;

c. award Truist Bank post-judgment interest at the statutory rate;

d. require Fusion Technology, LLC to assemble and turnover all personal property that constitutes collateral of Truist Bank; and

e. award Truist Bank all of its cost and expenses, including, but not limited to attorneys' fees incurred in connection with this action, and such other further relief against Defendants as the Court may deem appropriate.

Dated this **22nd** day of May, 2023.

**TRUIST BANK**

**BY SPILMAN THOMAS & BATTLE, PLLC**

*/s/ Michael S. Garrison*
Michael S. Garrison (WV Bar No. 7161)
Jordan A. Sengewalt (WV Bar No. 12905)
SPILMAN THOMAS & BATTLE, PLLC
48 Donley Street, Ste. 800 (Zip: 26501)
P.O. Box 615
Morgantown, WV 26507-0615

## VERIFICATION

STATE OF Kentucky

COUNTY OF Jefferson, TO-WIT:

The undersigned, Carl White, being first duly sworn, deposes and states that the facts and allegations contained in the foregoing *Verified Complaint*, are true, except so far as they are therein stated to be on information, and that so far as they are therein stated to be on information, he believes them to be true.

Carl White

Taken, sworn to, and subscribed before me this 22 day of May, 2023.

**TRACY ALLYSE BENNETT**
Notary Public - State at Large
Kentucky
My Commission Expires Mar. 13, 2027
Notary ID KYNP68777

Notary Public

My commission expires:

03/17/2027