IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **TRUIST BANK,**<br><br>**Plaintiff**,<br><br>v.<br><br>**FUSION TECHNOLOGY, LLC,**<br>**JOHN BOTT, and**<br>**SHARON R. PITSENBARGER**<br><br>**Defendants**. | **CIVIL ACTION NO.: 1:23-CV-47**<br>**(JUDGE KLEEH)** |

## REPORT AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED [ECF NO. 8] AND DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BE GRANTED [ECF NO. 10]

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 14] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on November 7, 2023. Presently pending before the Court are:

- Plaintiff's Motion for Default Judgment [ECF No. 8];

- Defendants' Motion for Extension of Time to File Response [ECF No. 10]; and

- Plaintiff's Motion to Appoint Receiver and for Injunctive Relief [ECF No. 11][1].

The undersigned convened a Status Conference, by videoconference, on November 15, 2023, at which appeared counsel for Plaintiff Truist Bank ("Truist Bank"), Michael S. Garrison, and counsel for Defendants Fusion Technology, LLC, John Bott, and Sharon R. Pitsenbarger ("Defendants"), Jeffrey M. Strange. Upon consideration, the undersigned **RECOMMENDS** that

---

[1] An Order was entered setting this matter for a Motion Hearing regarding Plaintiff's Motion to Appoint Receiver and for Injunctive Relief. [ECF No. 18].

1

Truist Bank's Motion for Default Judgment [ECF No. 8] be **DENIED** and Defendants' Motion for Extension of Time to File Response [ECF No. 10] be **GRANTED.**

## I. FACTS AND PROCEDURAL BACKGROUND

In February of 2021, Defendants executed a promissory note payable to Truist Bank in the amount of $3.5 million. The promissory note was to be paid by December of 2022. Defendant Fusion Technology then executed a series of loan documents including a business loan agreement and a security agreement. The individual Defendants, in their individual capacity, executed loan documents as well. In February of 2022, the maturity date of the promissory note was extended to May of 2022. After Defendants did not pay by the deadline, Defendants communicated with Truist Bank that additional financing would be sought to handle the debt owed to Truist Bank. In March of 2023, Truist Bank sent Defendants a Notice of Default and Demand for Payment.

On May 22, 2023, Truist filed the Complaint against Defendants alleging breach of contract and turnover of collateral. [ECF No. 1]. After the Complaint and summons were served, Defendant contacted Truist Bank and negotiated a payment of $400,000 in exchange for a Forbearance Agreement that would expire on August 15, 2023. On July 13, 2023, Defendants paid $400,000 to Truist Bank. On August 15, 2023, the Forbearance Agreement expired.

On August 25, 2023, Truist Bank filed a Motion for Default Judgment [ECF No. 8] requesting entry of a default money judgment against Defendants in the amount of $2,877,553.26. On September 7, 2023, Counsel for Defendants filed a Notice of Appearance [ECF No. 9] and a Motion for Extension of Time to File a Response. [ECF No. 10].

## II. ANALYSIS

Defendants continued to maintain contact with Truist Bank even after the Complaint was filed. Namely, Defendants indicated that discussions were had with Truist Bank with regards to

Defendants securing additional financing to satisfy the debt. In fact, Defendants paid $400,000 after the Complaint was filed in exchange for a Forbearance Agreement demonstrating a good faith effort to resolve the matter. Defendants made it clear that they were not attempting to ignore Truist Bank's communications. Additionally, Defendants indicated to the undersigned that they take exception to some issues presented by Plaintiff and would like an opportunity to respond.

### III.     RECOMMENDATION AND CONCLUSION

Accordingly, based on the foregoing, the undersigned **FINDS** that Plaintiff will not suffer any harm by allowing Defendants to file a response and **RECOMMENDS** that Plaintiff's Motion for Default Judgment [ECF No. 8] be **DENIED**. Therefore, the undersigned **RECOMMENDS** that Defendants' Motion for Extension of Time to File Response [ECF No. 10] be **GRANTED**. If the Court adopts the above-noted recommendations, the undersigned further **RECOMMENDS** that Defendants should have fourteen (14) days from the date of the adoption of these recommendations to file an answer.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: November 21, 2023.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE